UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR LEE HAIRSTON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-215 (UNA) |
| ) | |
| ) | |
| COURT OF APPEALS FOR VETERANS ) | |
| CLAIMS *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of Plaintiff's *pro se* complaint and application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants Plaintiff's IFP motion and dismisses the complaint for want of jurisdiction.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. The party's failure to plead facts that bring the suit within the court's jurisdiction warrants dismissal of the case. Fed. R. Civ. P. 8(a), 12(h)(3).

Plaintiff, a resident of Martinsburg, West Virginia, is no stranger to this court. *See Hairston v. Meredith*, 2024 WL 3814069 (D.C. Cir. Aug. 14, 2024) (per curiam) (affirming dismissal of case "as duplicative of two cases previously filed by [plaintiff] and dismissed by the district court"). In this case, Plaintiff sues the U.S. Court of Appeals for Veterans Claims and the Federal Circuit Court of Appeals alleging "fraud and false statements" that he "reasonably relied on" and

for which the "Appellate Judges knew or should have known . . . was illegal." Compl., ECF No. 1 at 1. Plaintiff seeks $1 million or, "in the alternative[,]" to compel "the accused Appellate judges [to] correct their actions that caused the tort," *id*. at 2, by "ordering [his] pension reinstatement," *id*. at 10. Although Plaintiff insists that the challenged statements "are not connected to the court's rulings" and the "complaint is not about the CAVC court's jurisdiction," *id*. at 1, his portrayal is belied by the complaint's allegations, requested injunctive relief, and exhibits consisting wholly of orders and other documents filed in the Claims Court. *Cf. Caldwell v. Kagan*, 777 F. Supp. 2d 177, 180 (D.D.C.), *aff'd*, 455 F. App'x 1 (D.C. Cir. 2011) (Although "Plaintiff asserts that he is challenging each defendant's 'non-judicial acts,' it is clear from the allegations in the complaint that the only actions he is complaining about are judicial decisions and the judicial decision-making process.").

As applicable here, Congress has conferred exclusive jurisdiction over veterans' benefit determinations in the Court of Appeals for Veterans Claims subject to review by the U.S. Court of Appeals for the Federal Circuit, 38 U.S.C. §§ 511, 7252, 7292, and it is "axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979*), cert. denied*, 444 U.S. 1081 (1980). Nor can this federal district court review another court's decisions and order it to take any action. *See Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (discussing the *Rooker-Feldman* doctrine); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (noting that district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Consequently, this case will be dismissed by separate order.

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge

Date: March 31, 2025